UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOURDES SANCHEZ, | ) | CASE NO. CV 05-02837 (RZ) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of  Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

Based on its agreement with Plaintiff as to the first of her three challenges to the underlying denial of disability benefits, the Court concludes that reversal is required.

I.

Plaintiff first challenges the Administrative Law Judge's decision not to accept the opinion of Plaintiff's treating psychiatrist, Thomas Curtis, M.D. The Administrative Law Judge rejected the opinion for two reasons: that Dr. Curtis (1) relied on Plaintiff's subjective recounting of her complaints, without more, and (2) provided biased results because "claimant underwent the psychiatric examination that formed the basis of the opinion not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for, at the time, her worker's compensation claim." [AR 26-27.]

The Administrative Law Judge was incorrect in implying that Dr. Curtis relied solely on subjective complaints for his opinions. His reports disclose that he also administered a number of clinical tests, and used those tests, in part, as the basis for his conclusions. [AR 217-30.]

As to the Administrative Law Judge's assertion that Dr. Curtis was biased because Plaintiff was referred to him by the attorney then aiding her in prosecuting her claim for worker's compensation benefits, the Ninth Circuit has rejected such generalizations. In *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996), the Court stated that the purpose for which medical reports were obtained supplies no basis for rejecting them. Subsequently the Court noted, however, that such a comment in fact *could* be the basis for making a credibility determination. *Saelee v. Chater*, 94 F.3d 520, 522-23 (9th Cir. 1996); *see also Burkhart v. Bowen*, 856 F.2d 1335 (9th Cir. 1998). The Commissioner relies on *Saelee* in this Court, but does not cite the later-decided case of *Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998), decided over six years before the Commissioner filed her brief in this Court, in which the Ninth Circuit further refined the rule:

> Our opinions reveal that the mere fact that a medical report is provided at the request of counsel or, more broadly, the purpose for which an opinion is provided, is not a legitimate basis for evaluating the reliability of the report. Evidence of the circumstances under which the report was obtained and its consistency with other records, reports, or findings could, however, form a legitimate basis for evaluating the reliability of the report.
>
> In *Burkhart v. Bowen*, 856 F.2d 1335 (9th Cir. 1988), we rejected a doctor's opinion in a letter requested by counsel where the opinion was unsupported by medical findings, personal observations or test reports. . . . However, in *Lester*, where there

> was no sound basis for rejecting a doctor's opinion that had been solicited by counsel, we stated that "the purpose for which medical reports are obtained does not provide a legitimate basis for rejcting them." 81 F.3d at 832. In *Saelee* . . . we rejected a doctor's opinion letter where "actual improprieties" had been found. . . . In *Saelee*, the doctor's opinion letter varied from his treatment notes and "was worded ambiguously in an apparent attempt to assist [the claimant] in obtaining social security benefits." . . . [T]he ALJ found that there was "no objective medical basis for the opinion. [citation]
>
> We clarify here that, in the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it.

*Reddick*, 157 F.3d at 726. Here, there was no other evidence to undermine Dr. Curtis's reports. The Administrative Law Judge does criticize the doctor for use of "generic phrases" such as "'stressed' and 'unable to work,' 'unable to sleep,' etc." [AR 27 n.2], which might be persuasive evidence of an unpersuasive report *if* those remarks were not based on anything more than the doctor's blithe acceptance of Plaintiff's subjective complaints. In this instance, however, as noted above, they enjoyed at least some substantial support from clinical test results by Plaintiff's treating psychiatrist. Although the circumstances and timing of Dr. Curtis's examinations might draw additional scrutiny from any seasoned Administrative Law Judge, those circumstances do not, in and of themselves, justify a finding of Dr. Curtis's bias.

Accordingly, the reasons given by the Administrative Law Judge for rejecting the treating psychiatrist's reports cannot stand. The opinion of a treating physician is given greater weight than the opinion of other physicians. *Aukland v. Massanari*, 257 F.3d 1033

(9th Cir. 2001), and to reject it the Administrative Law Judge must give clear and cogent reasons, backed by substantial evidence. The decision here did not comply with those standards. Accordingly, the Administrative Law Judge erred, and remand is required for further consideration.

The Court need not and does not address Plaintiff's remaining arguments, but, on remand, the Commissioner may wish to take them into consideration.

## II.

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter remanded for further proceedings.

IT IS SO ORDERED.

DATED: August 29, 2006

*/s/ Ralph Zarefsky*
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE